IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION



| | | |
|---|---|---|
| WESLEY HURT, | § | |
| | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. A15CV0170 RP |
| v. | § | |
| | § | |
| PANACEA BEVERAGE COMPANY, LLC, | § | |
| | § | |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Wesley Hurt ("Plaintiff") files his Original Complaint against Panacea Beverage Company, LLC ("Defendant") and respectfully shows the Court the following:

### Introduction

1. This is an action for a declaratory judgment relating to a trademark matter. Defendant maintains the word "cause" is "distinctive" as a trademark identifier and has taken legal action against Plaintiff to that effect. Plaintiff maintains the word "cause" is functional langauge when relating to the welfare of a person or group, and therefore legally privileged under the trademark fair-use doctrine as set forth in *KP Permanent Make-Up, Inc. v. Lasting Impression I Inc.*, 543 U.S. 111 (2004).

### Nature Of Action And Jurisdiction

2. Plaintiff seeks a declaration of his rights pursuant to 28 U.S.C. §§ 2201(a) and 2202, to resolve an actual controversy between the parties within this Court's subject matter jurisdiction. Plaintiff has a reasonable apprehension that Defendant shall

commence imminent litigation against Plaintiff. This Court has jurisdiction over this action pursuant to Section 39 of the Lanham Act, 15 U.S.C. § 1121; Title 28 of the United States Code, 28 U.S.C. §§ 1331, 1338.

3. This Court has personal jurisdiction over Defendant. A substantial portion of the activities complained of herein has occurred and continue to occur in this District and Defendant has engaged in a continuous and systematic course of doing business in Texas.

### Parties

4. Plaintiff, an individual, is a resident of Austin, Texas and represented by undersigned counsel.

5. Upon information and belief, Defendant is a limited liability company organized under the laws of Virginia. Defendant is represented its attorneys Millen, White, Zelano & Branigan, P.C., a law firm with offices in Austin, Texas and and Arlington, Virginia.

### Facts

6. On or about September 13, 2014 Plaintiff filed USPTO Serial No. 863975580, a trademark application for the word mark "CC CLEAN CAUSE." (hereinafter "CC") in connection with bottled water. CC is a bottled water product wherein "50% of profits go to support individuals in recovery from alcohol and drug addiction."

7 On or about December 13, 2014 Zachary R. Bello, an Attorney Examiner from the USPTO reviewed the CC application for all required legal US trademark

criteria, including the existence of prior US trademarks which CC might be deemed as confusingly similar to. Based on Mr. Bello's review there were no such marks and he "allowed" the CC trademark application. The CC application was subsequently published in the Trademark *Official Gazette* of January 20, 2015 in accordance with USPTO registration procedures.

8. Defendant is the owner of USPTO Registration Nos. 4234480 and 4250762, word and stylized registered trademarks for "MY CAUSE" (hereinafter "MC") in connection with bottled water. These marks registered in October and November of 2012, respectively. MC possesses a charitable marketing component for "cause[s]".

9. On or about January 28, 2015 Defendant filed with the USPTO's Trademark Trial and Appeal Board materials suspending Plaintiff's CC trademark application. Defendant's filing with the TTAB was predicated upon Defendant's position that the CC mark was likely to be confused with the two MC registrations.

10. On or about February 23, 2015 Defendant's attorney wrote to Plaintiff that "in order to avoid further legal action, you must expressly abandon your [CC] trademark application." Exhibit A.

11. Plaintiff timely corresponded with Defendant in an effort to resolve the matter absent court intervention, but was unable to do so.

12. Plaintiff brought to Defendant's attention the history and practice of the word "cause" in a fair-use charitable context in connection with US registered trademarks. Defendant nevertheless maintains that "cause" is a "distinctive" trademark identifier and therefore the exclusive intellectual property of Defendant. Exhibit A.

13. Highly pertinent USPTO registered trademarks which already utilize "cause" in a functional fair-use manner incorporating a charitable element include, but are not limited to, the following: CREATED FOR THE CAUSE, bottled water, Reg. No. 4158388 (DOR June 12, 2012); COFFEE FOR A CAUSE, coffee, Reg. No. 4106466 (DOR February 12, 2012); CAUSE COLA, cola, Reg. No. 4154344 (DOR June 5, 2012); DRINK FOR THE TASTE DRINK FOR THE CAUSE, beverages, Reg. No. 4452313 (DOR December 17, 2013); WE ARE MORE THAN A COMPANY, WE ARE A CAUSE, beverages, Reg. No. 78501688 (DOR January 9, 2007); CANDY FOR THE CAUSE, candies, Reg. No. 4118121 (DOR March 27, 2012); SAUCE FOR A CAUSE, sauces, Reg. No. 3780936 (DOR April 27, 2010); and, VAPE FOR A CAUSE, electronic cigarette liquid, Reg. No. 4692535 (DOR February 24, 2015). Upon information and belief, there are <u>hundreds</u> or more registered US trademarks incorporating the word "cause" in a functional sense and within the word "cause[s']" everyday meaning.

14. Plaintiff has also brought to Defendant's attention the accepted legal principal that a trademark's "prominent feature" is its "distinctive term as the first word", *Palm Bay Imports, Inc. v. Veuve Clicquot Ponsardin Maison Fondee En 1772*, 369 F. 3d 1369, 1372 (Ct of App., Fed. Cir. 2005). This principal is directly relevant to the instant facts[1].

15. Despite the foregoing, Defendant's claims and assertions of trademark infringement have persisted and caused Plaintiff to have a reasonable apprehension of being sued in a court.

---

[1] "Clean" as in the CC mark is an adjective; "My" as in the MC mark is a common pronoun.

Plaintiff's Original Complaint                -4-

16.     Plaintiff has a legitimate right to sell its CC bottled water product without threats or payments to Defendant.

## Sole Count

17.     Defendant's claims of trademark legal rights and infringement have created an actual, substantial and justiciable controversy between the parties.

18.     Defendant has indicated its intention to commence a trademark legal action at some time very near in the future and to prevent Plaintff from marketing the goods in question. <u>Exhibit A</u>.

19.     Plaintiff seeks a judicial determination and declaration that his use of the mark CC in connection with bottled water does not infringe Defendant's trademark or other legal rights.

## Prayer For Relief

**WHEREFORE,** Plaintiff prays for judgment as follows:

(a)     A declaration that Plaintiff's CC mark does not infringe the trademark rights, or any other legal rights, of the Defendant;

(b)     A declaration that the word "cause" as used in Defendant's MC mark is functional language and therefore legally privileged and permitted to be used by others under the trademark fair-use doctrine;

(c)     A declaration that the word "cause" as used in Defendant's MC mark is not "distinctive" for legal trademark purposes;

(d)     A declaration that the sole distinctive component of Defendant's mark, if any, is the word "my";

(e) An award of Plaintiff's costs and attorney's fees in connection with this action, in that Defendant's trademark claim should have been known by Defendant to be false and unsupportable in law, fact or equity; and,

(f) Such other relief as this Court may deem just and proper.

DATED:  February 27, 2015

Respectfully submitted,

By: _____
Robert Kleinman
State Bar Number 24055786
Kleinman Law Firm, PLLC
404 W. 7th Street
Austin, TX  78701
T: (512) 599-5329
F: (512) 628-3390

ATTORNEYS FOR PLAINTIFF

# Exhibit A



| | | | |
|---|---|---|---|
| I. WILLIAM MILLEN | RICHARD J. TRAVERSO | CSABA HENTER[1] | DIANA HAMLET-COX |
| ANTHONY J. ZELANO | ALAN E. J. BRANIGAN | SCOTT J. MAJOR | RYAN POOL[1] |
| JOHN R. MOSES | JOHN A. SOPP | MICHAEL S. CULVER | WILLIAM FREDERICK NIXON[1] |
| HARRY B. SHUBIN | JEFFREY R. COHEN | ADAM D. MANDELL | JENNIFER J. BRANIGAN[2] |
| BRION P. HEANEY | JEFFREY A. SMITH[1] | LARRY S. MILLSTEIN | SAGUN KC[1] |

[1]MEMBER OF BAR OTHER THAN VA   [2]PATENT AGENT   [3]TECHNICAL ADVISOR

February 23, 2015

**Via Federal Express and Electronic Mail**

Wesley W. Hurt
5902 Shoalwood Avenue
Austin, Texas 78757
weshurt@hotmail.com

Re:   **Your Trademark Application for CC CLEAN CAUSE for bottled water**
       **U.S. Trademark Application No. 86375880**
       **Our File No. PANACEA-0016-X**

Dear Mr. Hurt,

This firm is trademark counsel for Panacea Beverage Company, LLC ("Panacea").

Panacea has since at least as early as 2012 used the mark MY CAUSE in interstate commerce, either with or without a design, in connection with bottled water and other beverages. MY CAUSE water has garnered significant attention in part because of Panacea's unusual business model, which invites customers to purchase bottles and select a charitable organization. Panacea then donates a portion of the sale to the customer's chosen organization. MY CAUSE water is now found in numerous stores in Maryland and Virginia. MY CAUSE has received appreciable unsolicited media recognition and awards, including being recognized as the "Best Bottled Water" in the 2012 Beverage World BevStar Awards and winning the Gold Medal for Best Package and Design in 2012 at the Berkeley Springs International Water Tasting. As the result of our client's sales and considerable promotional and advertising efforts, Panacea has established an enviable reputation and acquired substantial goodwill in the MY CAUSE trademark. More information about MY CAUSE bottled water is located at the website mycausewater.com.

Panacea has enhanced its ability to protect the MY CAUSE trademark by registering the same with the United States Patent and Trademark Office (USPTO) as U.S. Reg. Nos. 4250762 (words with design) and 4234480 (word mark). Print-outs from the online records of the USPTO demonstrating these registrations are attached hereto as *Exhibit 1*.

It has come to our attention that you have filed U.S. Trademark Application No. 86375880 for the mark CC CLEAN CAUSE, covering the goods "bottled water." Based on our preliminary investigation, we have not been able to locate your products for sale. However, we note that your publicly available LinkedIn profile contains an image of a bottle containing the term CLEAN CAUSE, and states:



Page 2

> Our CLEAN team is launching a new line of premium bottled water and sparkling mineral water in the next couple of weeks. Water? Yeah, not the most innovative business! BUT our CAUSE is compelling.
>
> 50% OF PROFITS GO TO SUPPORT INDIVIDUALS IN RECOVERY FROM ALCOHOL AND DRUG ADDICTION - those who want to live CLEAN.
>
> I'm in recovery and am the most inspired I've ever been. I'm tired of living a life void of purpose.
>
> So, drink CLEAN Cause to make a difference. DRINK TO THIS.

(Emphasis in original.) Print-outs of these items are attached hereto as *Exhibit 2*.

You intend to use your mark on goods identical to our client's registered goods. Moreover, your intended mark is similar to our client's registered mark in that both have the distinctive "cause" portion in common. Indeed, it appears that you will be highlighting the CAUSE portion of your mark in advertising materials. For these reasons, our client is concerned that the registration of your trademark application, and the use of the mark covered thereby in connection with the goods covered therein, is likely to cause confusion, mistake or deception as to the source of origin of your goods.

Panacea is well-positioned to prevent the registration of your application. To this point, we have on behalf of our client obtained an extension of time to oppose your registration before the Trademark Trial and Appeal Board. Please see the attached order at *Exhibit 3*. In order to avoid further legal action, you must expressly abandon your trademark application. You may file your express abandonment online here: http://teas.uspto.gov/rea/.

We hope that you are amenable to resolving this matter by complying with our demands, and expect your positive response by no later than **March 2, 2015**. Please note that nothing contained in or omitted from this letter constitutes an admission by our client of any facts or a waiver of any rights or remedies it may have, all of which are expressly reserved.

Sincerely yours,

/adm/
Adam D. Mandell

Attachments